NATIONWIDE POWER CORP., A FLORIDA CORP., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nationwide Power Corp.
Docket No. 21966-91
United States Tax Court
T.C. Memo 1992-485; 1992 Tax Ct. Memo LEXIS 506; 64 T.C.M. (CCH) 596; August 25, 1992, Filed *506 An appropriate order of dismissal for lack of jurisdiction will be entered. For Petitioner: [1] William D. Tucker. For Respondent: Susan C. Hergenhan. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [2] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on cross-motions to dismiss for lack of jurisdiction. Petitioner contends that this Court lacks jurisdiction because the notice of deficiency mailed to it by respondent was not sent to its last known address within the meaning of section *507 6212(b)(1). Respondent's position is that the Court lacks jurisdiction because petitioner failed to file a timely petition within the meaning of section 6213(a). Where jurisdiction is lacking for respondent's failure to issue a proper notice of deficiency, we will dismiss on that ground, rather than for lack of timely filing of a petition. . Respondent determined a deficiency in petitioner's Federal income tax for the fiscal year ending May 31, 1983, in the amount of $ 2,574,671 and the following additions to tax: $ 643,667.75 under section 6651(a)(1); $ 128,733.55 under section 653(a)(1) and (2), and 50 percent of the interest on the portion of the deficiency attributable to negligence; and $ 643,667.75 under section 6661. The hearing was held in Miami, Florida. The evidence in this case consists of a stipulation of facts with attached exhibits (incorporated herein by reference), oral testimony, and exhibits received at the hearing. Respondent's notice of deficiency was dated January 14, 1988. Petitioner's petition in this case was filed on September 25, 1991, 1,350 days after the mailing of the notice of deficiency. Petitioner's *508 principal place of business appears to be in Florida, although petitioner lists a Fountain Valley, California, address in its petition. The parties agree that the petition was not filed within the 90-day period specified in section 6213(a). Respondent's notice of deficiency was addressed to petitioner at the following address: Energy Leasing Corporation, formerly, Nationwide Power Corporation (Florida), c/o Omni Equities, Inc., 1300 North Andrews Extension, Pompano Beach, Florida 33069-4619 Respondent also sent duplicate originals of the notice of deficiency to three other addresses, including the address of petitioner's registered agent, 1749 W. Olive Street, Lakeland, Florida, 33801. This address was supplied by the Florida Secretary of State and also appears on petitioner's annual report, which was filed with the Florida Secretary of State on June 5, 1987. The address on petitioner's last filed Federal corporate income tax return was: Avenue, Pompano Beach, Florida 33069 Petitioner contends that the immediately foregoing was its last known address and that the notice of deficiency is invalid because it was not sent to its last known address. The dispute *509 in this case concerns whether, as respondent states, 1300 North Andrews Extension and Avenue denote one and the same street address, or whether North Andrews Extension is an entirely different street several miles away from Avenue, as petitioner contends. Our answer must be based upon an understanding of the history and topography of the City of Pompano Beach. Prior to its becoming incorporated as a city, as of December 31, 1965, the area now known as Pompano Beach was part of the unincorporated portion of Broward County, Florida, north of Fort Lauderdale. Pompano Beach is divided into four quadrants by the intersection of Atlantic Boulevard, which runs east and west, and Dixie Highway, which runs north and south. Thus the names of most streets contain a designation of the quadrant, e.g., NW or SW. This dispute concerns streets in the northwest and southwest quadrants, all of which are in postal ZIP Code 33069. It is not uncommon for streets in Pompano Beach to have more than one name, a city name, a county name, and sometimes additional variants on these two names. The City of Pompano Beach bestows the official street names and addresses. The addresses *510 are assigned systematically so that the 1300 block of a street running north and south lies north of 13th Street, etc. In the case of county roads, Broward County supplies the signs and has full responsibility for maintenance of the roads. North Andrews Avenue is a county road. The street which is the locus of this dispute was built as an extension of North Andrews Avenue in Fort Lauderdale. Hereafter this extension will be referred to as Andrews or North Andrews. Although the extension is in the southwest quadrant of Pompano Beach, it continues to be called North Andrews, its Broward County name. When Interstate 95 was constructed in approximately 1977, the State of Florida extended Andrews over the Interstate and as far north as Atlantic Boulevard. This portion of the road was thus referred to as North Andrews Avenue Extension. This extension was built to coincide with an existing street, SW 12th Avenue. Petitioner's address in 1988 was on this portion of Andrews. The official Pompano Beach name of this street is SW 12th Avenue. Another segment of North Andrews lies in the northwest quadrant above NW 18th Street (county name Allen Road), but this segment is called only *511 North Andrews, not 12th Avenue. In the northwest quadrant, 12th Avenue and North Andrews are separate streets. Some but not all of the street signs on this discontinuous segment of Andrews read "North Andrews Avenue Extension". In other words, the term "Extension" has come to be used in popular parlance and on street signs for the discontinuous segment of the street lying in the northwest quadrant, as well as for the original extension. City and county maps both give two names to the street in question. The city map calls the portion of the street lying in the southwest quadrant "SW 12 Ave" and "(Andrews Ave)" in parentheses. The segment in the northwest quadrant it calls "N. Andrews Ave Ext."; i.e., the term "Extension" is used on the city map for the discontinuous segment in the northwest quadrant. The county map follows the county naming system, using the name "N. Andrews Ave Ext." as well as "SW 12 Av" for the portion of the street where petitioner's building was located. The street signs on the corners of Andrews bear both names. There is a sign at the corner of SW 13 Court and Andrews Avenue, near petitioner's former address, which reads "ANDREWS AV" in large letters *512 and "SW 12 AV" in letters approximately one-half as high. Respondent's notice of deficiency was sent to petitioner at the 1300 North Andrews Extension address by certified mail. Certified mail addressed to Pompano Beach is first delivered to the Fort Lauderdale Post Office, then sent to the Pompano Beach Post Office for sorting. Two postal employees, one who sorted and one who delivered mail to petitioner's former address in 1988, testified as to the procedures involved in sorting such mail. Postal employees are well acquainted with the system of naming in Pompano Beach and are required to pass a test on the system of street names and numbers before they are allowed to sort mail. The postal employees found no ambiguity in the designation "1300 North Andrews Extension" and agreed that it was the same building as 1300 SW 12th Avenue. Mail bearing either address is assigned to the same mail carrier and delivered to the same location. The factual question in this case is whether respondent's use of the county name of the street, including the term "Extension", was an address which denoted not 1300 SW 12th Avenue, a.k.a., 1300 North Andrews Extension, but a nonexistent address in *513 the northwest quadrant. Petitioner, in other words, bases its argument on the existence of an alleged significant ambiguity as to the street to which the notice was addressed. Petitioner is correct in stating that, since Andrews is discontinuous between Atlantic Boulevard and NW 18th Street (Allen Road), there is no 1300 block of Andrews in the northwest quadrant. The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; ; ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). If respondent notifies the taxpayer in compliance with section 6212 by notice addressed to the taxpayer inside the United States, such taxpayer, as in this case, has 90 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency determined *514 by respondent. Sec. 6213(a). The validity of a notice of deficiency does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's last known address. , affg. ; , affg. on other grounds . Once the notice of deficiency is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery. ; . A taxpayer's last known address is that used on his most recent return, unless the taxpayer communicates to respondent "clear and concise" notice of a change of address. ; , affd. . Petitioner argues that the address actually used on the notice of deficiency denoted a nonexistent street and building in the northwest quadrant. Although the address on the notice of deficiency was *515 not literally that on petitioner's most recent return, we adopt a pragmatic rather than a literal interpretation, finding that 1300 North Andrews Extension and Avenue denote the same building and are therefore the same address. The propensity of Pompano Beach streets to have city and county names, sometimes with variants, was well known to the employees of the United States Postal Service who worked in Pompano Beach in 1988. They found no ambiguity in the address 1300 North Andrews Extension. Petitioner's own letter carrier from 1988 stated that it was the same address as 1300 SW 12th Avenue and that he would have delivered mail bearing either address to the same building. Petitioner's contention that the address 1300 North Andrews Extension, if it existed, would lie in an area where there is no Andrews Avenue, is sophistical and unpersuasive. In support of this conclusion, petitioner directs our attention to road signs on this portion of the road which use the term "Extension". In the southwest quadrant of the city, the Andrews Avenue signs offered in evidence do not bear the word "Extension". This inconsistency is typical of the various names by which the street *516 is designated and cannot outweigh the testimony of petitioner's own letter carrier that there was no ambiguity in the designation 1300 Andrews Avenue Extension. We find the situation analogous to the existence of two names for certain streets in New York City, e.g., 6th Avenue and Avenue of the Americas, a fact well known in the area which therefore causes no confusion. The overwhelming weight of the evidence indicates to us that the two addresses, 1300 North Andrews Extension and 1300 SW 12th Avenue, were well known as denoting the same building. Given the Pompano Beach system of numbering and the discontinuity of Andrews Avenue, the address 1300 North Andrews Extension can fall only in the southwest quadrant. There is no 1300 block of North Andrews in the northwest quadrant, the location where petitioner says this address, if it existed, would have to be. This situation, however, was not a source of ambiguity, as City, County, and Post Office employees in Pompano Beach knew of the existence of two names for this street. The only point of disagreement was as to which name was "official", a trivial distinction in view of the fact that the local practice of giving streets more *517 than one name was well known to the U.S. Postal Service and its employees. The position of this Court is that inconsequential errors in addressing a notice of deficiency do not destroy its validity. , affd. ; ; ; ; . A notice of deficiency bearing a proper address which is deliverable is valid despite certain variations from the last known address on the return. . This case is indistinguishable from , where the taxpayer's official address had been changed, but mail continued to be delivered to both the official and the former addresses. Since both addresses were sufficient to effect delivery, we found, as we do here, that the notice of deficiency bearing the former address was sent to the last known address. We therefore hold that the deficiency notice was valid. Because the petition was not filed within the 90-day period *518 provided by section 6213(a), we have no jurisdiction. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted, and petitioner's motion to dismiss will be denied. To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. William D. Tucker was counsel of record at the time of the hearing, but has subsequently withdrawn.↩
2. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩